UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HOUSTON CASUALTY COMPANY,

               Plaintiff,                                    Case No. 1:18-cv-05513

- against -

PAUL RYAN ASSOCIATES, INC. dba
RYAN ASSOCIATES,

               Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND OTHER RELIEF

       Plaintiff, Houston Casualty Company ("Houston Casualty"), by and through its counsel,

DLA Piper LLP, as and for their Complaint for Declaratory Judgment and other Relief against

Defendant Paul Ryan Associates, Inc. dba Ryan Associates ("Ryan Associates") alleges as

follows:

### THE NATURE OF THIS ACTION

       1.     This insurance coverage and declaratory judgment action arises out an underlying

Demand for Arbitration entitled *The Vilcek Foundation, Inc. v. Paul Ryan Associates d/b/a Ryan*

*Associates*, Case No. 01-17-0007-5360, filed with the American Arbitration Association on or

about December 15, 2017 (the "*Vilcek Foundation* Demand"). (Attached hereto as **Exhibit A**)

       2.     In the *Vilcek Foundation* Demand, The Vilcek Foundation ("Vilcek") seeks over

$5.965 million in damages due to Ryan Associates' allegedly defective work during the

construction of the Vilcek's headquarters located at 21 East 70th Street, New York, New York

(the "Project").

1

3.     Ryan Associates was the alleged construction manager for the Project and retained all of the trades and subcontractors for the Project.

4.     The *Vilcek Foundation* Demand alleges, among other things, that Ryan Associates breached the construction contracts by failing to provide sufficient skilled workers, failing to adhere to the construction schedules, failing to pay subcontractors, and failing to provide non-defective work.

5.     Houston Casualty Company issued three commercial general liability insurance contract numbers to Ryan Associates: (1) H14PC30366-00, with a policy period of September 10, 2014 to July 1, 2015 (the "2014-2015 insurance contract"); (2) H15PC30366-01, with a policy period of July 1, 2015 to July 1, 2016 (the "2015-2016 insurance contract"); and (3) H16PC30366-02 (the "2016-2017 insurance contract") (together, the "Houston Casualty insurance contracts," attached hereto as **Exhibits B, C, and D**).

6.     The Houston Casualty insurance contracts cover "'bodily injury' or 'property damage' [] caused by an 'occurrence,'" but only if the "'bodily injury' or 'property damage' occurs during the policy period."

7.     The Houston Casualty insurance contracts do not cover, among other things, claims for property damage to "(5) [t]hat particular part of real property on which you [Ryan Associates] or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations; or (6) [t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

2

8.      Ryan Associates first notified Houston Casualty about the *Vilcek Foundation* Demand via a notice of occurrence/claim form dated January 26, 2018. (Attached hereto as **Exhibit E)**

9.      By letter dated April 19, 2018, Houston Casualty denied coverage to Ryan Associates with respect to the *Vilcek Foundation* Demand (Attached hereto as **Exhibit F**)

10.     Based on the terms, provisions, conditions and exclusions in the Houston Casualty insurance contracts, there is no coverage for Ryan Associates and/or anyone for the claims alleged in the *Vilcek Foundation* Demand.

11.     In this action, Houston Casualty seeks a judicial declaration of the respective rights and obligations of the parties to the Houston Casualty insurance contracts and a judicial declaration that Houston Casualty has no obligation to defend or indemnify Ryan Associates and/or anyone with respect to the *Vilcek Foundation* Demand based on the terms, provisions, conditions, and exclusions of the Houston Casualty insurance contracts.

## JURISDICTION AND VENUE

12.     Houston Casualty files this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

13.     Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

14.     There is complete diversity of citizenship between Houston Casualty and Defendant.

15.     Venue in this District is proper under 28 U.S.C. § 1391(a) (1), (3) and (c).

3

16.     An actual case and controversy of justiciable nature exists between the parties, involving the rights and obligations of the parties under the insurance contract issued by Houston Casualty.

17.     All conditions precedent to this action have been performed or otherwise occurred.

18.     Houston Casualty is, therefore, entitled to bring the instant declaratory relief action in this Court.

### THE PARTIES

19.     Houston Casualty is a Texas corporation with a principal place of business in Houston, Texas.

20.     Paul Ryan Associates, Inc. dba Ryan Associates is a California corporation that maintains a place of business at 7 West 22nd Street, New York, New York 10010.

21.     Ryan Associates was served with process in the *Vilcek Foundation* Demand at its place of business located at 7 West 22nd Street, New York, New York 10010.

### THE *VILCEK FOUNDATION* DEMAND

22.     On or about September 23, 2013, Vilcek, as the owner, Ryan Associates, as the Construction Manager, entered into a contract for work at a project referred to as "Restoration and renovation of 21 East 70th Street, New York, New York (**Exhibit G**).

23.     On or about On or about December 15, 2017, Vilcek filed the *Vilcek Foundation* Demand against Ryan Associates. (**Ex. A**)

24.     The *Vilcek Foundation* Demand seeks over $5.965 million in damages due to Ryan Associates' allegedly defective work during the construction of the Vilcek's New York City headquarters.

4

25.     The *Vilcek Foundation* Demand alleges, among other things, that Ryan Associates breached its construction contract for the project by causing the project to be delayed for nearly two years, providing "over 955 items of defective work," and failing to pay subcontractors, which caused Vilcek to terminate the contract for cause.  (Ex. A, ¶1)

26.     The *Vilcek Foundation* Demand also alleges that, pursuant to a construction management agreement, Vilcek "retained [Ryan Associates] to perform certain construction management services and work." (Ex. A, ¶4)

27.     Further, the *Vilcek Foundation* Demand alleges that, pursuant to the agreement, "Ryan was required to provide Project schedules on a monthly basis," was required to pay subcontractors within ten days of receiving payment from Vilcek, was required to perform the work free of defects, "was required to discharge liens from the Project within ten business days of receiving notice of same," and "was required to staff certain key personnel on the Project.". (Ex. A, ¶¶6-7, 9-10)

28.     The *Vilcek Foundation* Demand alleges that Vilcek was entitled to terminate Ryan for cause, finish the work itself, and hold Ryan Associates liable for the difference between the costs and damages in the agreement and the costs of finishing the work. (Ex. A, ¶¶11-13)

29.     Further, with respect to alleged defects at the Project, the *Vilcek Foundation* Demand specifically alleges as follows:

• From the moment Ryan Associates began working at the project in July 2013, its performance "was negligent and in breach of the Agreement in many material respects"; (¶14)

• Ryan Associates negligently supervised the project and work, failed to supply enough skilled workers and materials for the project, failed to adhere project schedules, failed to provide monthly project schedules, failed to pay subcontractors, failed to maintain key personnel at the project, failed to discharge subcontractor liens, and failed to provide non-defective work. (¶15)

• Ryan Associates' defective work delayed the project by over 29 months. (¶16)

- Ryan Associates' defective work "had to remediated, and in some cases, removed entirely and re-constructed." (¶17)

- Ryan Associates' defective services and work caused Vilcek to terminate Ryan Associates for cause. (¶18)  Ryan Associates was terminated for cause in October 7, 2016.

- On September 29, 2016, Vilcek notified Ryan Associates of numerous defaults under the Agreement and demanded that the defaults be cured within seven days. (¶19)

- As a result of Ryan Associates' defective work and termination for cause, Vilcek hired a replacement construction manager, Xhema of N.Y., Inc. ("Xhema"), to finish the project. Vilcek allegedly already paid Xhema $5,555,368.07 to remediate Ryan Associates' work, with a remaining balance of $410,355.83 on Xhema's construction management contract. (¶21)

30.     The *Vilcek Foundation Demand* asserts a first cause of action for Negligence, alleging Ryan Associates failed to act "in accordance with the standard of care applicable to the performance of its work in connection with the Project" and that Associates' negligence proximately caused Vilcek's damages (Ex. A, ¶¶23-24)

31.     The *Vilcek Foundation Demand* asserts a second cause of action for Breach of Contract, alleging that Ryan Associates "materially breached the Agreement by, *inter alia*, its failure to supply enough properly skilled workers and/or materials for the Project; its failure to adhere to the Project schedules; its failure to provide Project schedules on a monthly basis; its failure to pay subcontractors; its failure to provide non-defective Work; its failure to maintain key personnel on site at the Project; and its failure to discharge subcontractor liens from the Project Premises."  (Ex A, ¶30)

32.     The second cause of action for Breach of Contract seeks no less than $4 million in damages.

33.     The *Vilcek Foundation Demand* asserts a third cause of action for Termination for Cause. It alleges that the Vilcek-Ryan Associates Agreement allows Vilcek to terminate Ryan Associates for cause after notifying Ryan Associates of alleged problems at the project and giving Ryan Associates seven days to cure.  It further alleges that on September 29, 2016, Vilcek

6

allegedly demanded that Ryan Associates cure the alleged defects at the project within seven days, and that Vilcek terminated Ryan Associates for cause based on the alleged defects.

34.     The third cause of action further alleges that the Vilcek-Ryan Associates Agreement allows Vilcek to charge Ryan Associates the difference between the costs of finishing the work and the unpaid balance of the agreement, which it claims is no less than $4 million. (Ex., ¶36)

## HOUSTON CASUALTY'S COVERAGE POSITION

35.     Ryan Associates first notified Houston Casualty about the claim via notice of occurrence/claim form dated January 26, 2018. (**Ex. E**)

36.     By letter dated April 19, 2018, Houston Casualty denied coverage to Ryan Associates with respect to the *Vilcek Foundation* Demand. (**Ex. F**)

## THE HOUSTON CASUALTY INSURANCE CONTRACTS

37.     Houston Casualty Company issued three commercial general liability insurance contract numbers to Ryan Associates: (1) H14PC30366-00, with a policy period of September 10, 2014 to July 1, 2015 (the "2014-2015 insurance contract"); (2) H15PC30366-01, with a policy period of July 1, 2015 to July 1, 2016 (the "2015-2016 insurance contract"); and (3) H16PC30366-02 (the "2016-2017 insurance contract") (**Exs. B, C, and D**).

38.     Among other things, the Houston Casualty insurance contract states as follows:

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.     **Insuring Agreement**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to

which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

\* \* \*

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

2.    **Exclusions**

This insurance does not apply to:

\* \* \*

j.    **Damage To Property**

"Property damage" to:

(1)    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)    Property loaned to you;

(4)    Personal property in the care, custody or control of the insured;

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of

such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III - Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products- completed operations hazard".

* * *

l.    **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products- completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

* * *

m.    **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

* * *

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons and witnesses; and

       (3)      The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**    If a claim is made or "suit" is brought against any insured, you must:

       (1)      Immediately record the specifics of the claim or "suit" and the date received; and

       (2)      Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.**    You and any other involved insured must:

       (1)      Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

       (2)      Authorize us to obtain records and other information;

       (3)      Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

       (4)      Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

* * *

**4.**    **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

    **a.**    **Primary Insurance**

       This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.

    **b.**    **Excess Insurance**

       (1)      This insurance is excess over:

          (a)      Any of the other insurance, whether for primary, excess, contingent or on any other basis:

       (i)    That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

            * * *

   (b)    Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

  (2)    When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

  (3)    When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

   (a)    The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

   (b)    The total of all deductible and self-insured amounts under all that other insurance.

  (4)    We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c.**    **Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurers share is based on the ratio of its applicable limit of insurance to the total applicable limits of all insurers.

            * * *

## SECTION V - DEFINITIONS

13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

            * * *

11

16.    "Products-completed operations hazard":

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)    Products that are still in your physical possession; or

        (2)    Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

            (a)    When all of the work called for in your contract has been completed.

            (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\* \* \*

17.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

22.    "Your work":

    a.    Means:

        (1)    Work or operations performed by you or on your behalf; and

        (2)    Materials, parts or equipment furnished in connection with such work or operations.

    b.    Includes:

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2)    The providing of or failure to provide warnings or instructions.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - CONSTRUCTION MANAGEMENT
ERRORS AND OMISSIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., **Exclusions of Section I — Coverage A — Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I — Coverage B -Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1.   The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

2.   Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - ENGINEERS, ARCHITECTS OR SURVEYORS
PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions of Section I - Coverage B - Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

Professional services include:

13

1.   The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

2.   Supervisory, inspection, architectural or engineering activities.

* * *

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**   **Section I — Coverages, - Coverage A — Bodily Injury And Property Damage Liability, 1. Insuring Agreement, B.(3),** is deleted.

**B.**   **Section I — Coverages, - Coverage A - Bodily Injury And Property Damage Liability, 1. Insuring Agreement, c.** is deleted and replaced by the following:

   c.   "Bodily injury" or "property damage" which occurs during the policy period includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**C.**   **Section I - Coverages, - Coverage A - Bodily Injury And Property Damage Liability, 1. Insuring Agreement, d.** is deleted

**D.**   The following exclusion is added to paragraph **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability:**

   **2.**   **Exclusions**

   This insurance does not apply to:

   **Continuous or Progressive Injury and Damage**

   "Bodily Injury" or "property damage"

   (1)   Which first existed, or is alleged to have first existed, prior to the inception date of this Policy; or

   (2)   Which are, or are alleged to be, in the process of taking place prior to the inception date of this Policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period; or

   (3)   Which were caused, or are alleged to have been caused, by a condition that first existed prior to the inception date of this Policy.

* * *

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - CONSTRUCTION MANAGEMENT FOR A FEE**

14

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.   The following exclusion is added to Paragraph 2. **Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability**:

    2.   **Exclusions**

This insurance does not apply to:

**Construction Management**

"Bodily Injury" or "property damage" arising out of "construction management", regardless of whether such operations are conducted by you or on your behalf.

\* \* \*

C.   The following definition is added to the Definitions Section:

"Construction management" means the planning, coordinating, supervising or controlling of construction activities while being compensated on a fee basis by an owner or developer.

\* \* \*

39.   Based upon the terms, conditions, provisions, limitations and exclusions of the Houston Casualty insurance contracts, Houston Casualty has no coverage obligation to Ryan Associates and/or anyone with respect to the *Vilcek Foundation* Demand because Ryan Associates was the construction manager for the Project and the claim arises out of Ryan Associates' faulty work at the Project, which is not a covered "occurrence" under the Houston Casualty insurance contracts. Further, the *Vilcek Foundation Demand* does not allege covered property damage that occurred during the Houston Casualty insurance contract periods, and exclusions j, l, m, and the Exclusion - Continuous Or Progressive Injury And Damage apply.

40.   Therefore, Houston Casualty requests a judicial declaration relieving it of any coverage obligation to Ryan Associates and/or anyone with respect to *Vilcek Foundation* Demand.

**CAUSE OF ACTION (Declaratory Judgment)**

41.     Houston Casualty repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

42.     Houston Casualty is entitled to a declaration that it has no coverage obligation whatsoever under the Houston Casualty insurance contracts for the *Vilcek Foundation* Demand. Without waiving and while expressly preserving and incorporating each of the provisions in the Houston Casualty insurance contracts, Houston Casualty respectfully submits that it is entitled to such a declaration for the following reasons:

        a.     There is no coverage on the ground that the *Vilcek Foundation* Demand does not allege a covered "occurrence" within the meaning of the Houston Casualty insurance contracts. Among other things, the *Vilcek Foundation Demand* alleges**,** among other things, that Ryan Associates breached the construction contracts by failing to provide sufficient skilled workers, failing to adhere to the construction schedules, failing to pay subcontractors, and failing to provide non-defective work.

        b.     There is no coverage on the grounds and to the extent that there is no covered "property damage" during the Houston Casualty insurance contracts periods. Among other things, the *Vilcek Foundation* Demand alleges economic loss, which is not "property damage" within the meaning of the Houston Casualty insurance contracts.

        c.     There is no coverage on the grounds that exclusions j., l., and m. relative to damage to property, damage to your work, and damage to impaired property apply. Among other things, the *Vilcek Foundation Demand* action alleges that Ryan Associates was the construction manager contractor for the Project and Ryan Associates performed faulty work at

the project, which lead to construction defects and breached the Vilcek-Ryan Associates Agreement.

        d.     There is no coverage on the ground that the Exclusion – Continuous or Progressive Injury or Damage applies. Among other things, the *Vilcek Foundation Demand* alleges damage that commenced prior to Houston Casualty coming on the risk.

        e.     There is no coverage on the ground and to the extent that there was a breach of any conditions precedent to coverage of the Houston Casualty insurance contracts, including the requirements regarding furnishing adequate, proper and timely written notice of alleged occurrences, losses, suits and claims, immediately forwarding documents, voluntary payments, admission of liability, failure to cooperate, failure to obtain consent, failure to mitigate damages, and/or any prejudice to the Houston Casualty's rights.

        f.     There is no coverage on the ground and to the extent that anyone has, for any losses allegedly covered by the Houston Casualty insurance contracts, other insurance, co-insurance, self-insurance, deductibles, retentions, collateral sources of money, or other contractual indemnitors or to extent that the Houston Casualty insurance contracts provide limited or no insurance based on an allocation or to extent that the Houston Casualty insurance contracts constitute excess insurance. The Houston Casualty insurance contracts are excess of such additional insurance and any other insurance.

        g.     There is no coverage on the ground and to the extent that the Exclusion – Construction Management For A Fee endorsement applies. Among other things, the *Vilcek Foundation* Demand alleges that Ryan Associates was the construction manager for the project. The Houston Casualty insurance contracts do not insure injury or damage arising out of construction management.

h.      There is no coverage on the ground and to the extent that the Exclusion - Engineers, Architects or Surveyors Professional Liability applies.

i.      There is no coverage on the ground and to the extent that the Exclusion - Construction Management Errors And Omissions applies.

j.      Houston Casualty's grounds for asserting that there is no coverage under the Houston Casualty insurance contracts for the *Vilcek Foundation Demand* are based upon the facts available to Houston Casualty at this time. Houston Casualty reserves the right to raise any additional grounds in the future should Houston Casualty determine such grounds to exist.

## **PRAYER FOR RELIEF**

A.      With respect to the Cause of Action for Declaratory Judgment, declaring that Houston Casualty owes no coverage obligation to Ryan Associates and/or anyone under the Houston Casualty insurance contracts with respect to the *Vilcek Foundation Demand*; and

B.      Awarding Houston Casualty such other and further relief as the Court may deem appropriate.

## **JURY DEMANDED**

Houston Casualty demands trial by jury of all issues so triable.

Dated: June 19, 2018

Aidan M. McCormack (AM3017)
aidan.mccormack@dlapiper.com
Cyril E. Smith (CS8359)
cyril.smith@dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
**T**   212.335.4500

*Attorneys for Plaintiff*
*Houston Casualty Insurance Company*

18